UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:06-CR-81(02) |
| | ) | |
| JAMIE ORR | ) | |

**O R D E R**

This supervised release revocation matter came before the Court on June 4, 2010, for a hearing in regard to whether or not the defendant has violated the conditions of her supervised release, and therefore, should her term of supervised release be revoked. The defendant pled guilty to Count 4 of the indictment which charged her with being a felon in possession of a firearm on March 5, 2007. Her advisory guideline range was 15-21 months; however, the government filed a motion for downward departure and recommended that she be sentenced in an advisory range of 8-14 months. On September 10, 2007, the defendant was sentenced to time served and term of three years of supervised release. As a special condition of her supervised release, the defendant was to serve six (6) months in a halfway house. The defendant had been in custody since December 21, 2006, at the time of her sentencing.

At her hearing on June 4, 2010, the defendant stipulated and pled guilty to the following violations:

| Violation Number | Nature of Noncompliance |
|---|---|

**1**      Standard Condition No. 1: The defendant shall not commit another federal, state, or local crime.

She admitted obtaining narcotic controlled substances from individuals on:

December 16, 2009
January 10, 2010

She does not currently have a prescription for anything.
This would be a simple possession or casual exchange.


**2**      **Standard Condition No. 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, administer any controlled substance or any paraphernalia related to any con trolled substances, except as prescribed by a physician.

On January 4, 2010, she admitted obtaining narcotic controlled sub stances from individuals and that she uses up to 8 hydrocodone and/or Percocet a day. She does not currently have a prescription for these drugs.


**3**      **Standard Condition 8**: The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

On January 4, 2010, she admitted obtaining narcotic controlled sub stances from individuals and that she uses up to 8 hydrocodone and/or Percocet a day. She does not currently have a prescription for these drugs.

**4**      **Standard Condition 9:** The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

On January 4, 2010, she admitted obtaining narcotic controlled sub

stances from individuals and that she uses up to 8 hydrocodone and/or Percocet a day. She does not currently have a prescription.

**5**     **Special Condition No. 6**: The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

She failed to report for a drug screen on:
December 29, 2009

When questioned on January 4, 2010, she admitted that she could not pass a screen and admitted using opiates- as much as 8 pills a day.

**6**     **Standard Condition No. 3:** the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

She failed to report for drug screens on:
December 29, 2009
January 5, 2010
January 20, 2010

She tested positive for morphine
January 28, 1010
February 8, 2010
February 11, 2010

Based upon her stipulation and guilty pleas of the defendant, the Court FINDS that the defendant is guilty of Violation Numbers 1, 2, 3, 4, 5 and 6. It is undisputed that the defendant's violation guideline range is from four (4) to ten (10) months imprisonment based upon her Grade "C" violations. She has a statutory

maximum sentence of two (2) years. The defendant has been in custody since her arrest on February 11, 2010.

The Court has carefully considered the policy statements of Chapter 7 of the United States Sentencing Commission Guidelines which reflect a revocation range of four (4) to ten (10) months. Because the policy statements of Chapter 7 of the U.S.S.G. are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West*, 59 F.3d 32 (6th Cir. 1995).

Considering all the factors delineated in 18 U.S.C. § 3553(a), the Court FINDS that significant factors are not taken into account by the advisory revocation range. In particular, the defendant's repeated failure to report to the halfway house to which she was designated; her continued use of illegal drugs while she was on supervised release during both of her pregnancies; the need for medical treatment for her unborn child; the need to protect the defendant, to protect her baby, and to protect the public; her clear need for intensive drug treatment taking into account that there are no community services available for treatment due to her pregnancy; and her history and characteristics, the Court finds that a sentence under 18 U.S.C. § 3583(e)(3) is justified.

Accordingly, it is hereby **ORDERED** that the defendant's term of supervised release is revoked and she is sentenced to serve a term of twenty-four (24) months imprisonment to be followed by no additional term of supervised release.

It is also **ORDERED** that the defendant is **REMANDED** to the custody of the United States Marshal. It is **RECOMMENDED** as follows:

1. That she receive credit for time served since her arrest on February 11, 2010.

2. That she be designated to a facility with the 500 hour Bureau of Prisons Intensive Residential Drug Treatment Program.

3. That she be designated by the Bureau of Prisons on an expedited basis.

4. That she be designated to a facility with Mothers and Infants Nurturing Together Program.

ENTER:

<pre>                                        s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE</pre>